CARROLL, Judge
(dissenting).
I am impelled to dissent from the majority affirmance of the decree which denied relief and dismissed the cause with prejudice. Diamond has an established and well patronized store fronting on Northwest 27th Avenue between 13th and 14th Streets in Miami. The lots facing 27th Avenue in that block are zoned for business. Those behind them are zoned R-2,. two-family residential. Diamond’s front lot is approximately 175 feet deep. Behind it Diamond owns the north half of lot 14 which faces on the side street to the south. Although all of lot 14 is zoned R-2, the-east 36 feet of the north half of lot 14 is presently being used by Diamond’s with city approval, partly for a rear extension of its building and partly for parking. Diamond’s sought to use the remaining west 60 feet of the north 112.53 feet of lot 14 for parking in connection with its business as conducted on the adjoining lot 16. Its need was manifest and the requested use was reasonable under the circumstances.[1]
*244 The parcels involved and their relative locations in the block are shown on this drawing, traced from a survey in evidence:
14th Street

Legend -
D — ///mmiot 16 and part of lot 14 now used for business and parking.
s" EÜÜ = West 60' of north half of lot 14 for which parking use is sought.'
DPs Area of lot 14 on which is located a duplex — the principal objector.
F= Gasoline service station on lot 15.
Indicates new street line on 27th Ave.
—>Denote driveway entrances.
*245 It will be observed from the drawing that lot 14 on which the parking privilege is sought is contiguous to the commercial lot 16 which houses the plaintiff’s business, and can be reached by traversing lot 16 or from 13th Street through the alley-like area along the east side of lot 14 which already is authorized for use for open parking.
The Zoning Board approved the application and on September 25, 1961, passed the following .resolution:[2]
“Resolution No. 124
“Resolution recommending conditional use of W6CK of N 112.53' of Lot 14, Block 8, Kew Gardens (8-9), located at N.W. 13th Street (north side) west ■ of 27th Avenue for off-street parking as provided under Ordinance No. 6871, Article V, Section 1(6) (c), in accordance with regulations of Article XXIII, Section 8, location in an R-2 (two family) zone.
“Be it Resolved by the City Planning and Zoning Board of Miami
“That the Board recommends application of Sydney Diamond for Conditional Use of W60' of N112.53' of Lot 14, Block 8, Kew Gardens (8-9), located at N.W. 13th Street (North Side) West • of 27th Avenue for off-street parking as provided under Ordinance No. 6871, Article V, Section 1(6) (c), in accordance with regulations of Article XXIII, Section 8, location in an R-2 (Two Family) Zone.” [3]
The zoning ordinance made provision for granting the conditional parking use on residential property for benefit of a business on a contiguous business or commercial lot. It would serve no useful purpose to detail the evidence, but on this record a strong and fitting case was made out by the plaintiff, so much so that in my opinion the city’s denial of Diamond’s application for special parking use of the remaining part of lot 14 owned by Him was arbitrary and wrong. I would reverse the decree and remand the cause for entry of an appropriate order granting plaintiff the relief prayed.

. Plaintiff's complaint against the City of Miami, -which sought a declaratory decree and injunction, contained the following allegations:
“5. That your petitioner desires to use subject property as an open parking lot for the parking of self-propelled passenger vehicles, which property is con-tigous and adjacent to a building which is properly zoned for commercial usage; and the subject property is contiguous and adjacent to another parking lot area which is properly zoned.
“6. That the subject property will be used solely as a parking lot in conjunction with the business operated by the petitioner, known as Herbert Diamond & Company, located adjacent and contiguous to the aforedescribed parking lot.
“7. That the use of the subject property as a parking lot will alleviate the congested conditions which now exist in regard to parking in the area of North West 27th Avenue and North West 13th Street, City of Miami, Dade County, Florida.
“8. That the lot in question is a locked-in piece of land, is presently unused, and has no value because of the fact that it cannot be utilized. That because of the location of said lot it cannot be utilized for any other purpose except parking.
“9. That the business of the petitioner is that of a well-known tourist attraction, as well as an attraction to local residents. That the petitioner’s place of business sells thousands of items that *244 are imported from' all parts of the world and unusual types of merchandise, so that the business is known extensively throughout the City and the State as a place of interest to make purchases and for visitation. As a result thereof, the number of visitors is great.
“10. That the area in question, to-wit: North West 27th Avenue and the vicinity of North West 13th Street, has changed considerably to such an extent that it is difficult to park in the street because of the traffic on North West 27th Avenue.
“11. That at a hearing duly had on the 18th day of October, 1961, before the City Commission of the City of Miami, the City Commission saw fit to overrule the recommendations of the Planning Board and did deny the application of the petitioner for conditional use of the above described real property for off-street parking as provided under Ordinance #6871, Art. V, Sec. 1, (6) (c), in accordance with the regulations of Article XXIII, Section 8, a comprehensive zoning ordinance of Miami, Florida.
“12. ■ That as petitioner is advised and believes the said action of said Board of the said City Commission and the resolution entered thereon denying the application for conditional usage of the subject property is wholly illegal, null and void for the following reasons: * * * ”

. One member of the Board (Clark) said:
“It took this Planning Board about 6 years to come up with an ordinance that we thought would be realistic to everyone concerned. I think this Board is aware of the parking situation on 27th Avenue, as well as Coral Way and. 8th Street, and also other streets in the City of Miami.
“I see the crying need for off-street parking in that area. I believe my last motion was to grant, and I would like to offer another motion to grant, according to the stipulations set forth in the conditional use of the Variance, a 5' louvered fence surrounding the property with ingress and egress only from the applicant’s property at the present, to be paved and a proper drainage system provided according to the City Engineer’s specifications.”

. Article V, § 1(6) (c) provides for conditional use for parking on one-family residential lots adjacent to a business. It lists, in such residential zones, the following: “Open parking lots for the parking of self-propelled passenger vehicles of customers, clients, patrons, visitors, owners or employees of business uses permissible in 0-1, 0-2, C-3 or C — i Districts, where such lot is contiguous to such commercial-zoned area or is separated therefrom by an alley, arranged, maintained and used in accordance with the requirements set forth in Article XXIII, Sec. 8(2) ;”
Article XXIII, § 8, entitled “Off-Street Parking Lots in Residential Districts,” provides in subsection (2) as follows: “Business Parking Lots: Open parking lots located in residential districts for the parking of automobiles incidental to a commercial zoned area adjacent thereto and approved by the Board shall be designed, maintained and used in accordance ‘ with the following requirements:
[There follows a list of regulations as to the nature of parking use, means of access, protection wall, etc.]